MATTER OF SUN

In Visa Petition Proceedings

A-17203702

*Decided by Regional Commissioner July 8, 1968*

A visa petition to accord a beneficiary sixth preference classification as a domestic filed by a petitioner who is an alien against whom an order of deportation is outstanding, is denied since the status of petitioner is not settled or stabilized and, consequently, the offer of employment, which is without any basis of permanency, does not meet the requirement of section 203(a)(6) of the Immigration and Nationality Act, as amended, that it be "not of a temporary or seasonal nature."

ON BEHALF OF PETITIONER: Peter D. Bogart, Esquire
6404 Hollywood Boulevard
Los Angeles, California 90028

The petitioner (File All 914 577 relates), a national of China, was admitted as a nonimmigrant student on September 10, 1960 until June 15, 1961, with subsequent extensions of stay until June 4, 1962. At a deportation hearing on December 23, 1963, a special inquiry officer granted petitioner voluntary departure within the time and conditions directed by the District Director, with an alternate order of deportation that if the petitioner failed to depart as so directed, the privilege of voluntary departure shall be withdrawn and his deportation ordered without further hearing. On the same date, the petitioner was advised that his departure was not required at that time but that he would be notified at a later date concerning voluntary departure requirements. On May 13, 1966 the petitioner was advised that he was required to depart from the United States voluntarily on or before June 3, 1966. The petitioner did not do so but remained in this country. To date, the order of deportation remains outstanding.

On September 30, 1966 a petition for sixth preference classification was filed in the petitioner's behalf, which was denied by the District Director on July 25, 1967 and on appeal remanded to the District Director by the Regional Commissioner for the introduction of further

evidence. Since the Regional Commissioner's order of October 9, 1967, a further decision has not been made by the District Director on the petition, nor has it again come forward to the Regional Commissioner. The record further shows that the petitioner in the instant case married his alien spouse in New York City on December 23, 1961. They have three children, all born in this country.

The beneficiary is a 64-year-old widowed Chinese national, who was admitted as a visitor on October 22, 1966 until April 20, 1967 with a subsequent extension to October 21, 1967. A further application for an extension of stay was denied by this Service on October 20, 1967 and the beneficiary granted until November 30, 1967 to depart voluntarily. In that application, the beneficiary stated that her reasons for requesting an extension of stay for another half-year with the petitioner's family were because of her old age and the fact that she might not see them again. She also stated therein that she had not been employed. She has been residing with the petitioner since her admission. The instant petition was submitted in her behalf on October 27, 1967. The petition was returned for signature and upon receipt it was held to have been filed on or about January 25, 1968.

The file shows that the petitioner seeks the beneficiary's services as house mother (mother's helper); that the beneficiary is to work 44 hours a week at $175.00 a month plus room and board. The duties to be performed are described as follows:

General housework, supervise children, care for newborn baby, feed baby, some washing, ironing, taking children for walk.

The only requirements for the position are "practical experience—know Chinese."

Supplement I to Form ES-575B states that the number of persons residing at the place of employment is two adults and three children; that the gross family income of all adult members domiciled therein is $800.00 (plus); that only the petitioner is presently employed, as his spouse takes care of the chldren; that the petitioner is buying a home with four bedrooms and two bathrooms; and that the persons for whom the alien will be required to give special care and attention are the children, ages 3½, 2½ and 5 months, all Chinese-speaking. The Supplement further states that the alien beneficiary is the petitioner's mother.

The petitioner with attorney present was interviewed on March 28, 1968 in connection with the instant petition. The Service at that time was advised that the petitioner has never previously employed a live-in domestic; and that as the petitioner's wife sometimes works with him, the petitioner needs a domestic. The petitioner stated that other domestics want too much money; and that he requires a domestic with

the ability to cook Chinese food and speak that language. He claimed that the offer is definite; that the petition is not an accommodation, as he really needs a domestic and that he would accept another person if conditions of salary, language and other aspects were the same as in the instant case. At the time of that interview, the petitioner presented a copy of his federal income tax return for 1967, reflecting a total income that year of $10,068.00, and that he is self-employed. The petitioner stated at that time that although his tax return shows he is self-employed, he actually is employed by and does tailoring work and is paid on a commission basis for a Los Angeles, California clothing firm. Also submitted at time of interview was a certificate signed by the beneficiary in which she states that she has been employed in the petitioner's home as a "homemaker and general helper" for almost a year, has her own room, can take all the food she wants and since July 1, 1967 has been receiving $175.00 a month.

Oral argument was granted and heard on June 11, 1968.

Counsel on appeal urges that the instant petition be approved, and lists several points in support of his position. In summary, counsel sets forth the following: (1) The petition was duly filed with supporting documents including a certification issued by the Department of Labor; (2) the beneficiary was previously employed abroad for some 20 years, and for approximately a year in the United States in the occupation for which her services are now sought; (3) although the petitioner is seeking a benefit by having the beneficiary in his employ, his minor children will actually benefit more from her care than anyone else; (4) the District Director's finding that the petitioner's status in this country is only temporary is in error for he is within the relief found in section 241(f) of the Act, therefore not deportable; (5) the petitioner, by reason of the length of his presence in the United States, is also eligible for suspension of deportation (section 244 of the Act); (6) the petitioner is financially able to employ a housekeeper, even though such employment is restricted to a person with linguistic, culture and cooking abilities; (7) the petitioner has the facilities to employ and house household help; (8) the beneficiary literally pulled up stakes and came out of semi-retirement to come to this country to be of assistance to her son (the petitioner) and his family; (9) section 203(a)(6) of the Act is cited and the District Director found to have misapplied the statute; (10) a shortage of household help in this country is emphasized; (11) it is pointed out that even if the beneficiary cannot be employed by the petitioner, she can readily find employment in the household of others in this area; (12) while the sixth preference visa requirements are designed to screen out "unemployables", the bene-

ficiary is not within this group, since she is a qualified employable; (13) the petitioner is a "person" as described in section 204(a) of the Act, and as such is entitled to make a visa petition; to preclude discrimination, counsel finds that a citizen, resident alien and non-resident aliens may file petitions; (14) since the statute permits a person to file a visa petition, the "status" of the petitioner is wholly irrelevant; (15) after appropriate consultation and a finding that the facts presented in a petition matter are true, the Attorney General must approve the petition; (16) since the three United States citizen children are the ones who will benefit most from the beneficiary's services, the petition should be approved, notwithstanding the petitioner's or his wife's status in this country; (17) again it is held that since the petitioner has been in this country for a sufficient period of time, he is eligible to seek suspension of his deportation and also is not subject to deportation in view of section 241(f) of the Act. He is thus not a deportable alien, and in view of the latter section, the outstanding order of deportation is void. Based on these factors, the petitioner is a permanent resident, and the employment offered is not of a temporary nature; (18) it is pointed out that the Immigration Pool and quotas of quota areas terminated on June 30, 1968 and for those reasons a holding that an immigrant visa is not immediately available for the beneficiary is an improper holding.

We have carefully reviewed this record, including representations made on appeal and during oral argument, and have also considered the petitioner's record (*INS* File A 11 914 577). We are in accord with counsel and advance no argument on some of the points he raises for his appeal. We do not concur with him on other points set forth in the brief. That the petition was filed, adjudicated, appealed is quite evident; otherwise this decision would not be written. That the beneficiary is the petitioner's mother lends support to the statement that she is acquainted with and experienced in household work and child care. Whether or not a bona fide employer/employee relationship exists in this case between son and mother is a point not too well covered or settled by this record. The record does contain a certification issued by the Bureau of Employment Security. As to the minor children being the actual persons receiving the benefits of the beneficiary's services, the fact remains that they are not the petitioners, and were they such it would be highly unlikely that they could meet the terms of the petition and relating documents submitted in support thereof. As to the petitioner being within the relief found in section 214(f) of the Act, and thus not deportable but a resident alien—the petitioner entered the United States as a nonimmigrant student on September 10, 1960. Entry

as a nonimmigrant does not bring an alien within that section. See *Matter of Cadiz*, Int. Dec. No. 1824, holding that benefits of section 241(f) are not available to waive deportability based on entry as a nonimmigrant, and also *Matter of West*, Int. Dec. No. 1850, holding that since a nonimmigrant is deportable on an overstay charge, the benefits of section 241(f) are not available to such alien. The petitioner herein was found deportable on a "remained longer" or "overstay" charge. As to the petitioner being a lawful resident alien since he is eligible to seek suspension of deportation (section 244), there is no evidence of record that he has applied for or been granted such relief. He is, therefore, an alien whose deportation has been ordered, and since he is neither a citizen of this country, a lawful resident alien, or a lawful nonresident alien, his status is very much temporary or unsettled at the moment. We quarrel not with his financial stability and that he is purchasing a house in this country. To the fact that the beneficiary may be employable elsewhere if not by the petitioner, we take no exception. However, the petition was submitted by petitioner seeking her services by him in his household and on that basis the Department of Labor certification was issued. For her to be employed elsewhere would be contrary to the intent of the statutes (*Matter of Pfahler*, Int. Dec. No. 1706). Again, that the petitioner was considered as a "person" (section 204(a)) is established in that his petition was accepted, adjudicated, appealed and this decision rendered. The contention that a petition be approved after appropriate consultation and a finding that the facts are true is a matter of law and with which we do not disagree. The petition in this case is to fill a permanent position in the petitioner's household. Since the petitioner's status is neither permanent nor settled, it is within the District Director's judgment to find that the position to be filled on these records is less than permanent and to deny on that basis (section 203(a)(6) of the Act, . . . performing specified skilled or unskilled labor, not of a temporary nature or seasonal nature . . . ). On these records, we do not find that the petitioner's status in this country is in any manner settled or stabilized, therefore any offer of employment made by him is without any basis of permanency. We are quite aware of counsel's statement that the "immigration pool" and quota system of yesteryear terminated on June 30, 1968 and that there may be some problems encountered in acquiring immigrant visas or numbers on and after July 1, 1968. In visa petition proceedings, the burden of proof to establish eligibility sought for the benefit conferred by the immigration laws rests upon the petitioner. *Matter of Brantigan*, 11 I. & N. Dec. 493.) As heretofore stated,

we have carefully reviewed both these records and all the material submitted. The petitioner has not sustained that burden. It is concluded that the petition was properly denied. The District Director's order will be affirmed.

ORDER: It is ordered that the appeal be and the same is herewith dismissed.