MATTER OF THORNHILL

In Visa Petition Proceedings

A-22738718

*Decided by Commissioner March 17, 1981*

(1) Sixth-preference immigrant status under section 203(a)(6) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(6), requires that the beneficiary have a permanent employment offer from the petitioner.

(2) A petitioner, who is a nonimmigrant temporary worker as defined in section 101(a)(15)(H)(i) of the Act, 8 U.S.C. 1101(a)(15)(H)(i), is not competent to offer permanent employment to an alien beneficiary for the purpose of obtaining an immigrant visa for the beneficiary under section 203(a)(6) of the Immigration and Nationality Act.

ON BEHALF OF PETITIONER: Pro se

This matter is before the Commissioner on an order of certification under 8 C.F.R. 103.4. The Regional Commissioner (Acting) upheld the revocation of the visa petition to accord sixth-preference status to the beneficiary under section 203(a)(6) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(6), for issuance of an immigrant visa on the basis of her occupation as a live-in domestic service worker. The certification is predicated on the need to modify the Regional Commissioner's decision so that it will be suitable for designation as a precedent.

The petitioner is a private individual who heads a household of four, including two young children. He is employed by Monsanto Company and earns approximately $26,000 per year. The petitioner is a native and citizen of Guyana. His status in the United States is that of nonimmigrant temporary worker of distinguished merit and ability. He last entered the United States on May 21, 1978, and was authorized to remain until January 31, 1980. Since this petition was filed, his employer has transferred him to California. The petitioner is presently living and working in Corona, California, still as a nonimmigrant.

The beneficiary is a 46-year-old native and citizen of Guyana. She was employed by the petitioner as a housekeeper while in Guyana from December 1970 through February 1978, which was until the month that the petitioner and his family came to the United States in connection with his temporary assignment. The petitioner now seeks to re-employ

the beneficiary as a domestic worker in his household at a salary of $6,240 per year, plus room and board.

On September 21, 1979, the petitioner applied for certification from the Department of Labor that the employment of the beneficiary as a domestic in the St. Louis area at a salary of $3.00 per hour would neither displace local workers looking for similar employment nor depress the wages or working conditions of other domestic workers in that area. This certification was granted on October 29, 1979. Approval of the petition would result in according the beneficiary a priority date for sixth-preference immigrant visa issuance of September 21, 1979.

It is noted that the certification was granted only after the petitioner established that his wife, a professional teacher, would enter the labor market and probably earn a salary of at least $14,000 per year as soon as the beneficiary is permitted to enter the United States and take over housekeeping and child care duties from the petitioner's wife. This second salary would raise the petitioner's family income to $40,000 — a level which the labor certifying official found acceptable to support a live-in domestic worker at an expense in excess of $6,000 per year. It is inferred from the record that the petitioner's salary alone would not have supported such a conclusion and that the labor certification would not have been issued absent this additional income.

The District Director approved the visa petition on December 7, 1979. However, on May 9, 1980, he informed the petitioner of his intention to revoke the approval on the ground that, as the petitioner's status in the United States was as a nonimmigrant temporary worker, he was not entitled to offer other-than-temporary employment to the beneficiary. The District Director, citing *Matter of Sun*, 12 I&N Dec. 800 (BIA 1968), concluded that the proposed employment of the beneficiary in the United States did not qualify as employment "not of a temporary or seasonal nature" as required by section 203(a)(6) of the Act; therefore, she was not entitled to sixth-preference immigrant classification based on the petitioner's job offer. The petitioner did not make a timely response to this notice of intent to revoke the visa petition; therefore, the District Director entered an order revoking the petition on May 28, 1980.

In appealing the revocation decision, the petitioner stated that his employer, Monsanto Corporation, is in the process of filing for a certification for him as a first step toward according him lawful permanent resident status in the United States. He asked that his immigrant visa petition for the beneficiary be held in abeyance to be considered after he acquires permanent status here; or that it be converted to a request for temporary employment as a nonimmigrant B-1 visitor.

We are not able to grant the petitioner's requests. First, the petitioner, as an alien in a nonimmigrant temporary worker classification, is not competent to create a job offer for employment for another alien which

35

would act as the basis for issuance of an immigrant visa to that person. Such a job offer must be permanent in character and not of a seasonal or temporary nature (see section 203(a)(6)). The present status of the petitioner is that of nonimmigrant worker which by definition at section 101(a)(15)(H)(i) of the Act is temporary in that it requires him to have "a residence in a foreign country which he has no intention of abandoning." Thus the petitioner's present status is not settled notwithstanding his intention to apply for permanent residence at some time in the future.

The conclusion reached in *Matter of Sun, supra,* applies here. *Sun* found that because the status of the petitioner (in that case, an alien under an order of deportation) was neither settled, stabilized, nor permanent, the offer of employment to a domestic was without basis of permanency and did not warrant approval of a visa petition to accord immigrant status. It follows that the current visa petition having been approved improvidently, was properly revoked.

Concerning the petitioner's second request, there is no basis in law or regulation to allow for the holding of a petition in abeyance. Finally, this petition may not be converted into a request for temporary worker classification. Such status (H-2) has very different criteria for eligibility, must be made on a separate petition I-129B, and may preclude the designation of that job offer as one which might also accord sixth-preference status to the beneficiary at a later date.

**ORDER:** Appeal dismissed.