MATTER OF A. DOW STEAM SPECIALITIES, LTD.

In Visa Petition Proceedings

A-27221735

*Decided by Commissioner May 21, 1986*

In occupational preference visa petition proceedings a petitioner, having no location in the United States, is not an employer and, therefore, cannot offer to permanently employ an alien in the United States. Only a U.S.-based branch office, affiliate, or subsidiary of the foreign organization may file such a petition.

ON BEHALF OF PETITIONER: Gene S. Devore, Esquire
2161 Palm Beach Lakes Blvd.
Suite 301
West Palm Beach, Florida 33409

The petition was denied by the district director, Miami, Florida, and is now before the Commissioner on appeal.

The petitioner in this matter is a Canadian corporation which supplies equipment and provides consulting services for the efficient use of energy. The beneficiary is presently employed in the United States by the petitioner's wholly owned Florida subsidiary, Palm Beach Engineering Specialities, Inc., as its president. A petition to Classify Nonimmigrant as Temporary Worker or Trainee (Form I-129B) under section 101(a)(15)(L) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(L) (1982), was previously filed by the Florida corporation and approved on the beneficiary's behalf on April 8, 1982, for a 3-year period. The beneficiary was then admitted to the United States as an intracompany transferee. The Canadian corporation now seeks to accord the beneficiary sixth-preference classification in order that he may later become permanently employed with the Florida Corporation. Eligibility for labor certification is claimed under 20 C.F.R. § 656.10(d) (1986) commonly referred to as Schedule A, Group IV.

The district director held that even though the Canadian and Florida corporations are affiliated, the petitioner cannot offer permanent employment in the United States because its offices are located in Canada and the corporations are two separate entities. In

support of his decision, the district director cited *Matter of Sun*, 12 I&N Dec. 800 (R.C. 1968), and *Matter of Thornhill*, 18 I&N Dec. 34 (Comm. 1981).

Counsel argues on appeal that the petitioner has satisfied the requirements of section 203(a)(6) of the Act, 8 U.S.C. § 1153 (1982).

In *Matter of Sun*, *supra*, the regional commissioner held that a sixth-preference visa petition, filed by a petitioner who was an alien against whom an order of deportation was outstanding, was not approvable because the status of the petitioner was not settled or stabilized. Consequently, the offer of employment, which was without any basis of permanency, failed to meet the requirement of section 203(a)(6) of the Act that it be "not of a temporary or seasonal nature."

In *Matter of Thornhill*, *supra*, the Commissioner held that a petitioner, who was an alien in an authorized nonimmigrant temporary worker classification, was not competent to create a job offer for the permanent employment of another alien because the petitioner's status was temporary in nature, regardless of the fact that he intended to apply for permanent residence sometime in the future.

Here, the petitioner is not an *individual* without permanent status in the United States; it is an *organization* without status in the United States. The petitioner has not been shown to be doing business in the United States. Rather, its subsidiary, Palm Beach Engineering Specialities, Inc., presently employs the beneficiary and conducts business in the United States. It is concluded, therefore, that while Palm Beach Engineering may offer the beneficiary permanent employment in the United States, the foreign-based petitioner may not.

It is noted that the record does not otherwise establish the eligibility of Palm Beach Engineering as a petitioner. For example, its financial solvency has not been demonstrated. Accordingly, we will dismiss this appeal without prejudice to the submission of a new petition by Palm Beach Engineering, accompanied by the requisite supporting documentation.

**ORDER:** The appeal is dismissed.